**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARITA A. SORRELS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 06-CV-242-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration,[1] | ) |
| | ) |
| DEFENDANT. | ) |

## ORDER

Plaintiff, Larita A. Sorrels, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d

---

[1] On February 1, 2007, Michael J. Astrue was confirmed as Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart the former Commissioner, as defendant in this case. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's December 29, 2003 application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held June 17, 2005. By decision dated July 13, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on February 28, 2006. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was born June 6, 1949, and was 56 years old at the time of the hearing. [R. 55, 265].  She claims to have been unable to work since December 15, 2002, due to acid reflux disease, anxiety, high cholesterol, right arm bone spurs, carpal tunnel syndrome in both wrists, arthritis, high blood pressure, pain and swelling in the right arm and shoulder and back pain. [R. 72].  Plaintiff has also claimed swelling, pain and weakness in the left knee and loss of strength in her right hand and wrist. [R. 110, 265]. The ALJ determined that Plaintiff has severe impairments consisting of carpal tunnel syndrome, shoulder pain, hypertension and depression but that she retains the residual functional capacity (RFC) to perform light exertional work activity [R. 24, 32].  He determined that, with this RFC, Plaintiff is able to return to her past relevant work (PRW) as cashier and receptionist. [R. 33].  The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ's decision is not supported by substantial evidence and that he failed to apply correct legal standards. [Plaintiff's Brief, p. 2]. Specifically, Plaintiff contends she does not have the RFC to perform her past relevant work or any substantial gainful activity. *Id.* She also alleges the ALJ erred in his credibility analysis. [Plaintiff's Brief, p. 7]. For the reasons discussed below, the Court affirms the decision of the Commissioner.

### RFC Determination

Plaintiff submits several propositions of error under this heading; the first of which is that the ALJ failed to make specific findings regarding the demands of Plaintiff's past relevant work and improperly relied on the vocational expert's testimony as the sole basis for concluding that her impairments did not preclude performance of her PRW. [Plaintiff's Brief, p. 3]. Plaintiff cites *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996) as authority for reversal of the ALJ's decision. In that case, the Tenth Circuit noted the three phases of evaluation the ALJ must complete as part of step four of the sequential analysis. In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC). In the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ must make specific findings. *Id.* at 1023 (citations omitted). The Tenth Circuit held that it is improper for an ALJ to make RFC findings and then to delegate the remaining phases of the step four analysis to the vocational expert, because in such cases: "the remainder of the step four assessment takes place in the

3

VE's head" and "we are left with nothing to review." *Id.* at 1025.  That is not what occurred here, however.  In this case, the ALJ did not delegate the analysis to the vocational expert without making the requisite findings in his decision.  Plaintiff complains the ALJ did not set forth a logical explanation of how he assessed Plaintiff's RFC and that he did not identify the medical evidence supporting his RFC findings.  The ALJ wrote a detailed, thorough and accurate description of the medical evidence which included reports by Plaintiff's surgeon that Plaintiff could return to regular duties after successful carpal tunnel endoscopic decompression surgeries. [R. 26-27].  He noted that Plaintiff's surgeon rendered an impairment rating for Workers' Compensation Court purposes of 5% to each hand on January 17, 2003. [R. 27].  He also cited the opinion of Plaintiff's surgeon that Plaintiff had made a full recovery regarding her right shoulder and rated 5% impairment of the shoulder on December 16, 2002. [R. 27].  This evidence, as well as Plaintiff's physical therapy records, treatment records from Morton Comprehensive Health Services, X-ray reports and the consultative physician's examination report were all properly reviewed and considered by the ALJ in determining Plaintiff's RFC.

After the thorough explanation of his analysis of the evidence, including the testimony he received at the hearing, the ALJ set forth his RFC assessment.  The ALJ concluded that Plaintiff could perform light and sedentary work activities that were limited to lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds.  He determined Plaintiff could perform jobs in the light category that could require a good deal of walking or standing, or involve sitting most of the time with some pushing and pulling of arm or leg controls. [R.32].

Plaintiff points to no medical evidence that contradicts or conflicts in any way with the ALJ's RFC assessment. Indeed, review of the record reveals none. While there is evidence in the treatment records that Plaintiff complained of shoulder pain and once of left knee pain, there is no mention of the excruciating pain, inability to reach, buckling of knees, swelling and back problems Plaintiff described at the hearing. [R. 265-270]. In fact, the evidence in the record contradicts Plaintiff's allegations. Examinations by Plaintiff's physicians revealed Plaintiff had complete resolution of carpal tunnel syndrome in March 2003; complete resolution of right shoulder problems with only 5% impairment to the left shoulder in December 2002; no erythema, warmth, swelling or deformity of the right shoulder in October 2003; normal x-rays of the lumbar spine and wrists and early arthritic change in the right shoulder possibly related to age in March 2004. [R. 166-169, 173, 218-219, 224]. Nowhere in the record is there any suggestion by any of Plaintiff's medical care providers that Plaintiff's activities were restricted or that she was unable to engage in any substantial gainful work activities due to shoulder, back and knee impairments. Conversely, there is ample evidence that Plaintiff's treating physician considered Plaintiff able to turn to the regular duties of her work. The claimant bears the burden of proving a disability within the meaning of the Social Security Act through step four. 42 U.S.C. § 423(d)(5); *Hayden v. Barnhart*, 374 F.3d 986 (10th Cir. 2004). *See Kepler v. Chater,* 68 F.3d 387, 390 (10th Cir.1995) (It is difficult for a claimant "[t]o establish disabling pain without the explicit confirmation of treating physicians."). Plaintiff did not carry her burden in this case.

Contrary to Plaintiff's argument, the RFC finding is not a medical assessment, but rather an administrative one. See SSR 96-8p, 1996 WL 374184, at *2; 20 C.F.R.

5

§§ 404.1545(a) and 404.1546. The determination of RFC is based upon all of the evidence of how a claimant's impairments and related symptoms affect her ability to perform work related activities.  Because the assessment is based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

Plaintiff has not identified what limitations on work activities the ALJ should have discussed in his decision that were imposed by "blood pressure" and depression. [Plaintiff's Brief. p.6].  Nor did Plaintiff list any functional limitations caused by such impairments either in her application materials or at the hearing.  When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity. SSR 96-8p, 1996 WL 374184 at *3. As pointed out by the Commissioner, the ALJ was not required to assume facts not apparent in the record.

At the hearing, Plaintiff testified about her past work as assembly worker, as an usher with some concession and janitorial duties at the movie theater and her work as a receptionist and sorter. [R. 270-272, 279-281].  After Plaintiff's testimony, the vocational expert (VE) testified that Plaintiff's cashier and concession work was light exertion with an SVP of 3, her assembly work was medium exertion with an SVP of 3 and the receptionist work was sedentary, SVP 3.   The ALJ cited the VE's testimony from the hearing in his decision. There was nothing improper about this.  An "ALJ may rely on information supplied by the VE at step four." *Id.*  As pointed out by counsel for

the Commissioner, the record also contains forms signed by Plaintiff containing details of her past work activities. [R. 73, 87-94]. The ALJ stated he had carefully considered the entire record. [R. 33]. Nothing in the record indicates otherwise. The ALJ's findings were adequate to satisfy the step four requirements articulated in *Winfrey.*

Plaintiff's next complaint regarding the ALJ's RFC determination is that his assessment did not determine the activities to be performed on a full-time basis. [Plaintiff's Brief, p. 4]. The ALJ recognized the definition of RFC in the regulations and in Social Security Ruling 96-8p. [R. 30]. Plaintiff cites no authority that requires an ALJ to provide a separate narrative discussion to establish that his RFC assessment pertains to full-time work and that it comports with the definition of RFC as provided in the ruling. There is no basis for reversal on this contention.

The Court agrees with counsel for the Commissioner that the ALJ's finding that Plaintiff could not perform the medium exertional requirements of her past work as an assembler indicates he acknowledged the existence of some limitations associated with Plaintiff's impairments. [Defendant's Brief, p. 7]. Again, Plaintiff has not identified any evidence in the record that the ALJ improperly considered or failed to consider regarding Plaintiff's RFC.

With regard to Plaintiff's allegation that the ALJ failed to include limitations involving Plaintiff's hands, shoulders, blood pressure and depression in his hypothetical question to the VE, the Court also finds no merit. Hypothetical questions need only reflect impairments and limitations that are borne out by the evidentiary record. *Decker v. Chater,* 86 F.3d 953, 955 (10th Cir.1996).

Based upon his review of the evidence, including the medical records, Plaintiff's testimony and her statements regarding her daily activities, the ALJ concluded that Plaintiff was able to engage in work activities restricted to light and sedentary work. There is evidence in the record to support such a conclusion. Because the record does contain substantial evidence supporting the ALJ's decision denying benefits, the Court will not substitute its judgment for that of the Commissioner. See *Glenn v. Shalala*, 21 F.3d 983, 987-88 (10th Cir.1994) (despite existence of evidence contrary to ALJ's finding, appellate court must affirm if, "considering the record as a whole, including whatever fairly detracts from the findings, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion" (citation, further quotation omitted)). The Court's role is to verify whether substantial evidence underlies the ALJ's decision, not to substitute its judgment for his. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

### **Credibility**

Plaintiff challenges the ALJ's finding that Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. In making his adverse credibility determination, the ALJ accurately described Plaintiff's allegations at the hearing. [R. 29-30]. The ALJ noted that Plaintiff's symptoms were disproportionate in comparison to the usual expected severity of her condition, that her allegations were not consistent with the total medical and non-medical evidence in the file and that the physical findings and supporting clinical data did not closely corroborate or correlate with the Plaintiff's subjective complaints. [R. 31]. The ALJ identified the specific instances in the treatment record where Plaintiff's carpal tunnel surgery was

8

described as successful, that her prescribed medications were relatively effective in controlling her symptoms and that no treating or examining physicians indicated Plaintiff is disabled. [R. 31-32]. The ALJ acknowledged his duty to consider all the evidence in the record in evaluating the credibility of Plaintiff's claim of disability. [R. 30-31]. Plaintiff points to no medical evidence that contradicts the ALJ's analysis of the medical evidence or that the ALJ failed to consider in determining that Plaintiff exaggerates her symptoms.

The only evidence Plaintiff cites as support for her allegations of disabling swelling, weakness and pain is her testimony. Subjective complaints alone are insufficient to establish disabling pain. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir.1990) (testimony alone cannot establish a nonexertional impairment). Contrary to Plaintiff's contention, the ALJ is entitled to rely on objective evidence in the record, including Plaintiff's recount of her daily activities, in making his assessment. The ALJ provided a sufficient link between the evidence and his determination that Plaintiff's allegations of disabling pain were not credible. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990); *see also White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001) (stating that "ALJ's credibility findings warrant particular deference"). After review of the record as a whole, the Court concludes the ALJ's credibility assessment is supported by substantial evidence in the record.

## Conclusion

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform her past relevant work as a cashier and receptionist. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 17th day of May, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE